IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD HAMPTON (BOP Register No. 43760-177), | § § § | |
| Movant, | § § | |
| V. | § | No. 3:17-cv-1672-N-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Reginald Hampton, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts because "it plainly appears ... that [Hampton] is not entitled to relief."

**Applicable Background**

In 2012, Hampton pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Hampton*, No. 3:11-cr-315-N (01) (N.D. Tex.), Dkt. No. 36. Because Hampton had two prior convictions that qualified as crimes

-1-

of violence as defined in the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2, the Court set his offense level at 24 under U.S.S.G. § 2K2.1. *See United States v. Hampton*, No. 3:11-cr-315-N (01) (N.D. Tex.), Dkt. No. 31 at 7 (Presentence Report); *see also id.* at Dkt No. 37 (adopting the Presentence Report). The Court ultimately determined that his offense level was 28 – in light of the specific offense characteristics and Hampton's acceptance of responsibility – and that his criminal history category was VI, and the Court imposed a sentence withing the Guideline range – 120 months in prison with three years of supervised release. *See United States v. Hampton*, No. 3:11-cr-315-N (01) (N.D. Tex.), Dkt. No. 36.

This is Hampton's first Section 2255 motion that challenges his criminal judgment. He claims that the Court erred when it considered two of his prior convictions to be crimes of violence under Section 4B1.2. *See* Dkt No. 2 at 4. Specifically, he argues that Section 4B1.2's definition of the phrase "crime of violence" is void for vagueness in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that the Court erred, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), in considering his robbery and burglary convictions to be crimes of violence.

**Legal Standards and Analysis**

Hampton's first claim – that Section 4B1.2's definition of the phrase "crime of violence" is void for vagueness in the wake of *Johnson* – is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines

a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. But *Beckles* held that, unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892. So there is no merit to Hampton's claim that U.S.S.G. § 4B1.2's definition of crime of violence is unconstitutionally vague. *See Woodson v. United States*, ___ F. App'x ___, ___, 2017 WL 2857011, *1 (11th Cir. 2017) ("In *Beckles*, the Supreme Court recently affirmed that the advisory Sentencing Guidelines are not subject to the same vagueness challenge under the Due Process Clause as the [Armed Career Criminal Act], and, thus, the residual clause in § 4B1.2(a)(2) is not subject to vagueness challenges.").

Hampton cites the Supreme Court's grant of *certiorari* in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), to argue that Section 4B1.2's definition of crime of violence is unconstitutionally vague. *See* Dkt. No. 3 at 5. The Supreme Court granted *certiorari* in *Dimaya* to decide if the residual clause of the definition of "crime of violence" in 18 U.S.C. § 16(b) is void for vagueness. *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding that Section 16(b) of the Immigration and Nationality Act is unconstitutionally vague), *cert. granted*, 137 S. Ct. 31. Even if, as Hampton predicts, the Supreme Court invalidates the definition of "crime of violence" found in 18 U.S.C. § 16(b), the Sentencing Guidelines would still be immune from Hampton's challenge. *See United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely

held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). Thus there is no reason to delay dismissing this case until the Supreme Court decides *Dimaya*.

Hampton's second claim – that, in light of *Mathis*, the Court erred when it considered his robbery and burglary convictions to be crimes of violence and so set his offense level at 24 under U.S.S.G. § 2K2.1 – is not cognizable in this Section 2255 proceeding. In *Mathis*, the Supreme Court clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws. *See* 136 S. Ct. at 2253; *see also Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016) (discussing *Mathis*). Here, Hampton argues that, if the Court had properly applied the principles set out in *Mathis* when it considered his prior Texas convictions for burglary and robbery, then the Court would have realized that those crimes were not "crimes of violence" within the meaning of Section 4B1.2 and so would have set his offense level at 14, not 24. *See* Dkt. No. 3 at 4; *compare* U.S.S.G. § 2K2.1(a)(2) (setting the defendant's offense level at 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense")*, with* § 2K2.1(a)(6) (setting the defendant's offense level at 14 where he has not suffered prior felony convictions for crimes of violence or controlled substance offenses). In other words, Hampton "attacks head-on the sentencing Court's application" of the Sentencing Guidelines – a claim that is not cognizable in this collateral proceeding. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

"Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *Id.* (citation omitted). Hampton cannot here rely on *Mathis* to show that the Court erred in calculating his Guideline sentence. *See, e.g.*, *Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

In addition to being non-cognizable, Hampton's *Mathis* claim is also time-barred. "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). Under Section 2255(f)(1), Hampton's one-year statute of limitations began to run when his judgment became final – November 27, 2012, the date on which his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). Hampton had one year from that date – or until November 27, 2013 – to timely file his Section

2255 motion. His motion, filed in June 2017, is untimely.

And any reliance on *Mathis* to trigger 28 U.S.C. § 2255(f)(3) to overcome the time-bar is misplaced. Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But *Mathis* does not trigger Section 2255(f)(3) because it did not announce a new rule. *See* 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law). Hampton cannot rely on *Mathis* to trigger Section 2255(f)(3) or reset his statute of limitations on his second claim; that claim is time-barred. *See, e.g.*, *United States v. Hietman*, No. 3:17-CV-1962-G, 2017 WL 3530597, at *2 (N.D. Tex. July 27, 2017), *rec. adopted* 2017 WL 3500421 (N.D. Tex. Aug. 16, 2017) (holding that *Mathis* does not trigger Section 2255(f)(3)); *Fisher*, 2017 WL 3781855, at *2 (same); *Washington v. United States*, No. A-17-CA-00512-SS, 2017 WL 2930939, at *2-3 (W.D. Tex. July 7, 2017) (same).

For these reasons, it "plainly appears" that Hampton "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see also Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should be dismissed.") (citing Rule 4(b) of the

Rules Governing Section 2255 Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

## Recommendation

The Court should summarily dismiss this Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE